# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DOMINIQUE D. GULLEY-FERNANDEZ,**
       **Plaintiff,**

    v.                                                             Case No. 17-C-744

**DR. STACEY HOEM,**
       **Defendant.**

---

## ORDER

Plaintiff is a Wisconsin state prisoner proceeding *pro se*. On January 12, 2018, I screened plaintiff's amended complaint and directed plaintiff to file a second amended complaint containing only properly related claims if he wants to proceed. This matter is before me to screen plaintiff's second amended complaint.

The court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous,"

"is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the second amended complaint, plaintiff is a "bisexual transsexual/gender woman" who has been incarcerated at the Wisconsin Secure Program Facility since 2011. Plaintiff alleges that he has had many problems with defendant Dr. Stacey Hoem since March 2013 and that Hoem has sexually harassed and discriminated against him.

On March 7, 2013, defendant Hoem allegedly called plaintiff a "faggot" because "plaintiff told Alpha Unit Staff (RHS) that he's trying to get an 'SPN' (Special/Separation Placement Notice) against Dr. Hoem due to her discriminatory comments and her refusal to stop accusing plaintiff of malingering and exaggerating his mental health diagnosis." ECF No. 16, at 2–3. On the same date, defendant Hoem allegedly retaliated against plaintiff by removing him from the New Freedom program because plaintiff filed a request for separation from Hoem and filed grievances against her for mistreatment, neglect, inadequate mental health treatment or care, and psychological indifference.

On June 11, 2013, defendant Hoem allegedly accused plaintiff of manipulating staff, malingering his diagnoses, and lying about his mental health needs. Plaintiff also alleges that Hoem called him a "dumb schmuck . . . and a dumb ass faggot." *Id.* at 3. Plaintiff alleges that on July 14, 16, and 17, 2013, defendant Hoem called him a "lying manipulative faggot." *Id.* Plaintiff alleges that on November 25, 2016, while talking to plaintiff at his cell front, defendant Hoem became hostile and unprofessional toward plaintiff and called him a "wannabe transgender." *Id.* at 4. Plaintiff walked from the cell door and ended the "inappropriate/unprofessional conversation." *Id.* On December 16, 2016, plaintiff allegedly tried to speak with defendant Hoem, but Hoem told plaintiff that she "don't have time to talk to a needy homosexual." *Id.* Plaintiff alleges that on January 4, 2017, Hoem called him a "faggot." *Id.* On March 18, 2017, Dr. Hoem allegedly told plaintiff to "stop his feminine tendencies . . . because he's not a female/woman." *Id.* Plaintiff alleges that in May 2017, defendant Hoem retaliated against plaintiff by writing him a conduct report for threats/disrespect because plaintiff told Hoem that if she continued to slander his name and lie about him malingering his mental health diagnosis he would add her back to his lawsuit.

Plaintiff claims that defendant Hoem's "continued on-going psychological welfare, cruel and unusual punishment, psychological torture, discrimination, retaliation, sexual harassment, and inadequate/unprofessional mental health treatment is causing the plaintiff extreme mental anguish and psychological/personal injury to his mind and mental health as well as emotional distress, pain and suffering[.]" *Id.* at 5. Plaintiff seeks monetary damages against Hoem.

Plaintiff states plausible claims against defendant Hoem for harassment and retaliation. *See Beal v. Foster*, 803 F.3d 356, 358–59 (7th Cir. 2015); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

**THEREFORE, IT IS ORDERED** that the second amended complaint is the operative complaint in this case.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's second amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within 60 days of electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge